UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **VEKO ALIKO**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**BOUTIQUE TERE, INC.**, a Florida corporation (d/b/a Marissa Collections)<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:20-cv-725<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **VEKO ALIKO** ("**ALIKO**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA"), the Americans with Disabilities Act (ADAAA) and the Florida Civil Rights Act (FCRA) for (1) unpaid overtime in violation of the FLSA, (2) disability discrimination in violation of the ADAAA, and (3) disability discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **VEKO ALIKO** ("**ALIKO**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and at all times had enterprise and individual coverage under the FLSA during her employment with the Defendant. At all material times, **ALIKO** was employed by the Defendant as a seamstress. **ALIKO**'s duties consisted of altering garments and utilizing supplies from out-of-state, and handling or receiving goods moving

in commerce. **ALIKO** performed work primarily in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **ALIKO** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **BOUTIQUE TERE, INC.** ("**BOUTIQUE**") is a Florida corporation and is a covered enterprise under the FLSA (29 U.S.C. §203(d), (r) and (s)). **BOUTIQUE** is a retail establishment and has gross annual sales well in excess of $500,000.00 per year and is engaged in interstate commerce. **BOUTIQUE**'s employees, including **ALIKO**, are engaged in interstate commerce as they work on or otherwise handle goods that are moving in interstate commerce. **BOUTIQUE** collects monies from out-of-state sources. **BOUTIQUE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **ALIKO**. **BOUTIQUE** supervised and controlled **ALIKO**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **ALIKO**. **BOUTIQUE** maintains employment records of **ALIKO**. **BOUTIQUE** was the employer of **ALIKO**, and employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the

Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **ALIKO** began her employment with the Defendant on November 4, 2014 as a seamstress.

7. **ALIKO** performed her assigned duties in a professional manner and was very well qualified for her position.

8. **ALIKO**'s primary job duties, in relevant part, included manual labor rather than office work or management.

### FLSA Allegations

9. **ALIKO** was an hourly employee and was paid at the rate of $22 per hour.

10. **ALIKO**'s regular daily duties often began around 8:00 – 8:30 A.M. and could, and would, often end as late as 7:00 P.M., sometimes later and also included working some weekends.

11. The Defendant demanded that **ALIKO** be available between those hours and **ALIKO** did work for the Defendant during that time.

12. **ALIKO** was required by the Defendant to work at least 40-hours per week and often more, for almost each week of her employment (except during scheduled vacations), but the Defendant failed to pay **ALIKO** her lawful overtime wages.

13. The Defendant failed to act in good faith under the reasonable belief it had complied with the FLSA.

14. **ALIKO** is entitled to liquidated damages because the Defendants acted willfully or with at least a reckless disregard as to the legality of its pay practices in regard to **ALIKO**.

**ADA/FCRA Allegations**

15. On April 3, 2019, **ALIKO** was involved in a motor vehicle accident while on her way to work with the Defendant.

16. **ALIKO** was rushed to the hospital and was thereafter diagnosed with impairments of the musculo-skeletal system.

17. **ALIKO** immediately informed the Defendant, who only advised that she should focus on her health during her medical absence that it was informed would last until at least May 2019.

18. The Defendant later stated to **ALIKO** that she "may be eligible for a personal Leave of Absence without pay."

19. At the time of her motor vehicle accident, **ALIKO** could easily have been afforded her requested leave as a reasonable accommodation.

20. On May 15, 2019, **ALIKO** presented the Defendant with a physician's note that authorized her to return to work as she could perform all of the essential functions of her position.

21. However, the Defendant's attorney informed **ALIKO** in writing that she cannot return to work "until you are able to perform all of your essential job functions," which is an illegal 100% healed policy that violates the ADA and FCRA.

22. Knowing that **ALIKO** suffered from a disability, the Defendant nevertheless refused to allow her request for reasonable accommodations, specifically informing her on May 28, 2019 that the Defendant "cannot guarantee either that your position will remain available when you return from your unpaid leave."

23. Instead, on June 27, 2019, the Defendant's attorney again refused to reinstate her and informed **ALIKO** in writing that the Defendant would not grant her request for medical leave, and that her employment was being retroactively terminated, effective April 3, 2019.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

24. The Plaintiff hereby incorporate Paragraphs 1-14 in this Count as though fully set forth herein.

25. **ALIKO** was a covered, non-exempt employee under the FLSA at all times during her employment as a seamstress with the Defendant.

26. The Defendant was required by the FLSA to pay **ALIKO** at least time and one-half for all hours worked by **ALIKO** in excess of 40 hours per week.

27. The Defendant had operational control over all aspects of **ALIKO**'s day-to-day functions during her employment, including compensation.

28. The Defendant was **ALIKO**'s "employer" and is liable for violations of the FLSA in this case.

29. The Defendant violated the FLSA by failing to pay **ALIKO** at least time and one-half for all hours worked over 40 per week.

30. The Defendant has willfully violated the FLSA in refusing to pay **ALIKO** proper overtime for all hours worked over 40 per week.

31. As a result of the foregoing, **ALIKO** has suffered damages of lost wages.

32. The Defendant is the proximate cause of **ALIKO**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

33. The Plaintiff hereby incorporates by reference Paragraphs 1-8 and 15-23 in this Count by reference as though fully set forth below.

34. At all relevant times, **ALIKO** was an individual with a disability within the meaning of the ADAAA.

35. Specifically, **ALIKO** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

36. **ALIKO** is a qualified individual with disabilities as that term is defined in the ADAAA.

37. **ALIKO** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

38. At all material times, **ALIKO** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

39. Defendant was made aware and was aware of **ALIKO**'s disabilities, which qualify under the ADAAA.

40. Defendant discriminated against **ALIKO** with respect to the terms, conditions, and privileges of employment because of her disabilities.

41. Defendant conducted itself with malice or with reckless indifference to **ALIKO**'s federally protected rights.

42. Defendant discriminated against **ALIKO** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

43. The conduct of Defendant altered the terms and conditions of **ALIKO**'s employment and **ALIKO** suffered negative employment action in the form of discipline and termination.

44. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **ALIKO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

45. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALIKO** is entitled to all relief necessary to make her whole.

46. As a direct and proximate result of the Defendant's actions, **ALIKO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

47. **ALIKO** has exhausted her administrative remedies and this count is timely brought. (*See* Exhibit A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages;

    viii.    Punitive damages, and;

    ix.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

48.    The Plaintiff hereby incorporates by reference Paragraphs 1-8 and 15-23 in this Count by reference as though fully set forth below.

49.    At all relevant times, **ALIKO** was an individual with a disability within the meaning of the FCRA.

50.    Specifically, **ALIKO** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

51.    **ALIKO** is a qualified individual with disabilities as that term is defined in the FCRA.

52.    **ALIKO** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

53.    At all material times, **ALIKO** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

54. Defendant was made aware and was aware of **ALIKO**'s disabilities, which qualify under the FCRA.

55. Defendant discriminated against **ALIKO** with respect to the terms, conditions, and privileges of employment because of her disabilities.

56. Defendant conducted itself with malice or with reckless indifference to **ALIKO**'s protected rights under Florida law.

57. Defendant discriminated against **ALIKO** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

58. The conduct of Defendant altered the terms and conditions of **ALIKO**'s employment and **ALIKO** suffered negative employment action in the form of discipline and termination.

59. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **ALIKO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

60. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALIKO** is entitled to all relief necessary to make her whole.

61. As a direct and proximate result of the Defendant's actions, **ALIKO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

62. **ALIKO** has exhausted her administrative remedies and this count is timely brought. (*See* Ex. A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **VEKO ALIKO**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                                    Respectfully submitted,

Dated: September 18, 2020         **/s/ Benjamin H. Yormak**
                                          Benjamin H. Yormak
                                          Florida Bar Number 71272
                                          Trial Counsel for Plaintiff
                                          YORMAK EMPLOYMENT & DISABILITY LAW
                                          9990 Coconut Road
                                          Bonita Springs, Florida 34135
                                          Telephone: (239) 985-9691
                                          Fax: (239) 288-2534
                                          Email: byormak@yormaklaw.com